| TERENCE COOPER & | * | NO. 2022-CA-0196 |
| VANESSA COOPER | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| SIDNEY BRISCO, III AND | | FOURTH CIRCUIT |
| ENGLISH TURN PROPERTY | * | |
| OWNERS ASSOCIATION, INC. | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR REHEARING DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-09870, DIVISION "B-5"
Honorable Rachael Johnson,
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown)


Ryan Michael Scafidel
SCAFIDEL LAW FIRM, L.L.C.
4130 Canal Street
New Orleans, LA 70119

Kyle Salvador Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street, Suite A
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE

Jacob Kansas
LAW OFFICE OF JACOB KANSAS
1801 Carol Sue Avenue
Gretna, LA 70056


      COUNSEL FOR DEFENDANT/APPELLANT

**REHEARING GRANTED FOR CLARIFICATION;
RELIEF DENIED;
ORIGINAL OPINION
OF OCTOBER 18, 2022
MAINTAINED
NOVEMBER 15, 2022**

PAB
RLB
DLD

Relator, English Turn Property Owners' Association, Inc. ("ETPOA"), petitions this Court for a rehearing of our October 18, 2022 decision, which affirmed the district court's judgment granting the motion for partial summary judgment to quiet title in 99% interest of immovable property filed by Respondent, Terence Cooper & Vanessa Cooper ("the Coopers"). We grant rehearing for the limited purpose of clarifying this Court's judgment. In all other respects, the application for rehearing is denied and our original judgment is maintained.

In its application for rehearing, ETPOA either re-urges arguments made on appeal and previously reviewed by this Court, or raises for the first time, new arguments for this Court's review. We decline to grant rehearing on these issues. ETPOA, however, has raised errors that this Court deems necessary to clarify.

ETPOA points to factual errors contained within this Court's October 18, 2022 judgment. Specifically, it directs our attention to the correct date of the district court judgment, December 1, 2021, as well as the correct entity from which Mr. Brisco purchased the property that is the subject of this litigation, English Turn Limited Partnership. We agree. Therefore, in order to clarify this Court's

1

judgment, the correct date of the district court's judgment is December 1, 2021 and should be read as such throughout the opinion. Further, we recognize that English Turn Limited Partnership was the entity who entered into a credit sale with Mr. Brisco for the subject property.

For the foregoing reasons, we grant rehearing for one very limited purpose: to make factual corrections, noted *supra*, to our original opinion.

**REHEARING GRANTED FOR CLARIFICATION;**
**RELIEF DENIED;**
**ORIGINAL OPINION**
**OF OCTOBER 18, 2022**
**AFFIRMED**